**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN R. COMEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO:  19-12801** |
| **UNITED STATES OF AMERICA** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Strike/Limit Testimony of Dr. Lurie to Medical Records** (Rec. Doc. 16) filed by defendant, the United States of America, is **DENIED**.

## BACKGROUND

In this motor vehicle accident case, the Government has moved to strike the testimony of plaintiff's witness, Dr. Lurie, arguing that plaintiff failed to provide a summary of Dr. Lurie's testimony as required by Fed. R. Civ. Proc. 26(a)(2)(C). In particular, the Government seeks to exclude an affidavit produced by Dr. Lurie during his December 22, 2020 deposition that the Government alleges includes his opinion on medical causation.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony in the case," the witness must prepare and sign a written expert report that includes a "complete statement of all opinions the witness will express and the basis and reasons for them." Non-retained experts, such as treating physicians, do not need to prepare an expert report. FED. R. CIV. P. 26(a)(2)(C)(i-ii). Rather, "[a] treating physician may

testify to his opinions about a plaintiff's injuries if his testimony is based on knowledge acquired during the course of his treatment of the plaintiff," without having to provide a report. Knorr v. Dillard's Store Servs., Inc., 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).

However, parties must disclose the subject matter on which non-retained experts will present evidence and "a summary of the facts and opinions to which [they are] expected to testify." FED. R. CIV. P. 26(a)(2)(C)(i-ii). Most of the disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." FED. R. CIV. P. 26(a)(2)(D)(i). However, "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" then the disclosures must be made "within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii).

In this case, the non-jury trial is set for March 8, 2021, making December 8, 2020 the deadline for providing disclosures of testifying, non-retained expert witnesses. It is not disputed that disclosure of Dr. Lurie's causation opinion testimony did not occur until his December 22, 2020 deposition.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." FED. R. CIV. PROC. 37(c)(1). To determine whether a violation of Rule 26 is harmless under Rule 37(c), the court considers: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and, (4) the explanation for the party's failure to disclose. Tex. A & M Research Found. v.

Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

In this case, in explanation for the failure to timely disclose, plaintiff's counsel states that he did not believe that a full summary outside the scope of the medical records was necessary since Dr. Lurie was both a non-retained expert witness and a lay witness who treated Comeaux for shoulder pain. As for the testimony's importance, Dr. Lurie, plaintiff's treating physician, is plaintiff's sole causation witness. Obviously, his testimony is critical to plaintiff's case.

Regarding prejudice to the Government, the nature of the testimony was disclosed to defense counsel at the deposition of Dr. Lurie on December 22, 2020, two weeks after the deadline for providing it. While such disclosure is untimely, defense counsel questioned Dr. Lurie about medical causation in his deposition, and the Government has its own retained expert that will address causation. In addition, to the extent Dr. Lurie's testimony is considered rebuttal to the Government's expert's report, that report was provided to plaintiff on November 25, 2020—which means that Plaintiff had until December 25, 2020 to provide Dr. Lurie's rebuttal report. Thus, any prejudice to the Government is minimal, if it exists at all. There being no substantial prejudice to the Government, a continuance is not required to cure it.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion to Strike/Limit Testimony of Dr. Lurie**

3

**to Medical Records** (Rec. Doc. 16) filed by defendant, the United States of America, is

**DENIED**.

New Orleans, Louisiana, this __6th__ day of January, 2021.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE